Filed 3/27/25  P. v. Steward CA4/2
Opinion after vacating prior opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083981 |
| v. | (Super.Ct.No. FSB041531) |
| GLENN LEE STEWARD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Dismissed.

Glenn Lee Steward, in pro. per.; John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Glenn Lee Steward filed a motion for resentencing pursuant to Assembly Bill No. 124, Senate Bill No. 483, Assembly Bill No. 256, and Senate Bill No. 81, which the court denied.

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of facts, a statement of the case, requesting that we independently review the record for error, and identifying one potentially arguable issue:  whether the court properly denied defendant's motion.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[1]  Defendant contends his appellate counsel rendered prejudicial ineffective assistance of counsel by filing a *Delgadillo* brief.  We dismiss the appeal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In October 2003, defendant and a cohort robbed at least eight victims at four separate locations at gunpoint.  After the last incident, police pursued the car in which defendant and others were riding.  After finding the vehicle abandoned, officers found items taken from some of the robberies.  In November 2003, defendant and a companion robbed another victim at gunpoint at yet another location.  (*People v. Steward* (Jun. 16, 2006, E037176) (*Steward*).)

---

[1]  Defendant originally failed to timely file a supplemental brief.  We issued an opinion dismissing the appeal.  Prior to that opinion becoming final, defendant submitted a motion requesting to file a late supplemental brief.  We granted the request, vacated our opinion, and filed defendant's supplemental brief.

On November 3, 2004, a jury found defendant guilty of 10 counts of second degree robbery (Pen. Code,[2] § 211, counts 1-3 & 5-11) and one count of attempted robbery (§§ 664, 211, count 4). The jury additionally found true allegations that defendant used a firearm during six of the robberies and the attempted robbery (§ 12022.53, subd. (b)), and that a principal was armed with a firearm during one of the robberies (§ 12022, subd. (a)(1)). The court sentenced defendant to prison for 43 years. (*Steward*, *supra*, E037176.)

Defendant appealed. This court affirmed the judgment. (*Steward*, *supra*, E037176.)

On June 23, 2023, defendant filed a motion for resentencing pursuant to Assembly Bill No. 124, Senate Bill No. 483, Assembly Bill No. 256, and Senate Bill No. 81. The People filed opposition to defendant's petition largely contending that since defendant's judgment had been final since 2006, he was ineligible for resentencing. At a hearing on March 29, 2024, at which counsel represented defendant, the court denied defendant's motion.

## II. DISCUSSION

Defendant contends his appellate counsel rendered prejudicial ineffective assistance of counsel by filing a *Delgadillo* brief. Defendant maintains appellate counsel should have argued that under Assembly Bill Nos. 600 and 620, the matter must be reversed and remanded so that the court can determine whether one or both personal use

---

[2] All further statutory references are to the Penal Code.

3

of a firearm enhancements should be stricken.  Defendant also appears to argue that the trial court permitted the introduction of inadmissible evidence at trial, that the evidence admitted at trial was insufficient to support his convictions in counts 1 and 2, that the trial court improperly instructed the jury, and that the court erred in imposing its sentence.  We dismiss the appeal.

"Assembly Bill No. 600 'amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when "applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law."'  [Citation.]"  (*People v. Rogers* (2025) 108 Cal.App.5th 340, 353, fn. 10.)

Senate Bill No. 620 amended section 12022.53, subdivision (h) to provide that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."  (*People v. McDavid* (2024) 15 Cal.5th 1015, 1024.)

Here, neither the court below nor this court have jurisdiction over the matter.  "An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights.  [Citation.]  Any appeal from such an order must be dismissed. [Citation.]"  (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344 [Appeal from court order denying defendant's postconviction section 1385 motion to strike enhancements must be dismissed]; *People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition."]; *People v. Hodge* (2024) 107 Cal.App.5th 985, 999 ["[T]he trial court's

decision denying [defendant's] motion for relief under . . . [section 745] is not appealable because the trial court lacked jurisdiction to provide the relief that [defendant] requested."].)

### III. DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.


MENETREZ
J.

5